IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00292-BNB

TYRON DUANTE SMALL,

      Plaintiff,

v.

TRAVIS TRANI, Warden,
CANDACE CROSLEY, Sgt.,
KEVIN CRUTCHER, Sgt., and
BRAN ROBERTS, Lt.,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO ASSIGN CASE

---

      Plaintiff, Tyron Duante Small, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado State Penitentiary in Cañón City, Colorado.  He initiated this action by submitting *pro se* a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  Mr. Small has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

      On February 5, 2013, Magistrate Judge Boyd N. Boland reviewed the Prisoner Complaint and found it to be deficient because it failed to allege facts to show the personal participation of Defendants Trani and Roberts in a deprivation of Mr. Small's constitutional rights.  Accordingly, Magistrate Judge Boland ordered the Plaintiff to file an amended complaint within thirty days of the February 5 Order.  Mr. Small filed an Amended Complaint on February 15, 2013.

The Court must construe the Amended Complaint liberally because Mr. Small is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Amended Complaint because Mr. Small is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the Amended Complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams* , 490 U.S. 319, 324 (1989). For the reasons stated below, the Amended Complaint and the action will be dismissed, in part.

Mr. Small alleges in the Amended Complaint that he was physically assaulted by Defendants Crutcher and Crosley on October 10, 2012, while he was in full restraints and was complying with their orders. Plaintiff alleges that the officers "thr[e]w him to the ground" and that Defendant Crutcher placed his full body weight and hands against Plaintiff's head, "smashing [his] head into the ground." (ECF No. 7, at 2). Mr. Small states that Defendant Crutcher also "smashed the handcuffs back on [his] wrists and ben[t] them . . . causing abrasions." (*Id.*). Mr. Small alleges that Defendant Roberts witnessed the assault by Defendants Crutcher and Crosley but failed to stop the unlawful use of force. In the original Complaint, Mr. Small states that he suffered severe pain, head trauma, and emotional injuries as a result of the assault. He asserts that the Defendants have violated his Eighth Amendment rights and requests  monetary

2

relief.

Mr. Small cannot proceed with his constitutional claim against Defendant Warden Trani.  Plaintiff alleges that Warden Trani is liable because he is the supervisor of Defendants Crosley and Crutcher; he failed to train and supervise Defendants Crosley and Crutcher regarding how to restrain inmates properly; and because Defendants Crosley and Crutcher failed to follow an institutional policy that required them to call for back up assistance if an inmate showed "traits of aggression or anger."

Plaintiff was warned by Magistrate Judge Boland in the February 5 Order that personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Supervisors can only be held liable for their own misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Mr. Small has failed to allege an affirmative link between the alleged constitutional violation and Defendant Warden Trani.   Mr. Small does not state any specific facts to show that Defendant Trani authorized, acquiesced, or personally participated in the alleged use of excessive force against him.  Furthermore, Plaintiff

3

does not allege that the other Defendants' use of force was pursuant to an unconstitutional policy promulgated by Defendant Trani. *See Serna v. Colorado Dep't of Corrections*, 455 F.3d 1146 (10th Cir. 2006) (a plaintiff must establish that the supervisor acted knowingly or with "deliberate indifference" that a constitutional violation would occur). Finally, a prison warden is not liable merely because subordinate corrections officers fail to follow lawful prison regulations. *Id.*; *Iqbal*, 556 U.S. at 676. The Court finds that Defendant Trani is an improper party to this action. Defendant Trani therefore will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Small's claims against Defendants Crosley, Crutcher, and Roberts do not appear to be appropriate for summary dismissal and that the case should be assigned to District Judge Robert E. Blackburn and to Magistrate Judge Michael J. Watanabe, pursuant to D.C.COLO.LCivR 40.1C. Accordingly, it is

ORDERED that Defendant Warden Trani is dismissed as a party to this action for Plaintiff's failure to allege his personal participation. It is

FURTHER ORDERED that this case shall be assigned to District Judge Robert

E. Blackburn and to Magistrate Judge Michael J. Watanabe, pursuant to

D.C.COLO.LCivR 40.1C.

DATED at Denver, Colorado, this _1st_ day of __March_____, 2013.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court