**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00292-REB-MJW

TYRON DUANE SMALL,

    Plaintiff,

v.

CANDANCE CROSLEY, Sgt.,
KEVIN CRUTCHER, Sgt., and
KYLE ROBERTS, Lt.,

    Defendant(s).

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) **Defendants' Motion for Summary Judgment** [#75][1] filed February 10, 2014; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#89] filed June 9, 2014.  The defendants filed objections [#99] to the recommendation, and the plaintiff filed a response [#100] to the objections. I overrule the objections, approve and adopt the recommendation, grant the motion for summary judgment in part, and deny it in part.

The plaintiff is proceeding *pro se.* Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110

---

[1] "[#75]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

(10th Cir. 1991).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the defendants object. I have considered carefully the recommendation, the objections, and the applicable case law.

The plaintiff, Tyron Small, is a prisoner in the Colorado Department of Corrections. He alleges in his amended complaint [#7] that defendants, Sgt. Kevin Crutcher and Sgt. Candace Crosley, both correctional officers, assaulted Mr. Small on October 10, 2012. According to Mr. Small, Sgts. Crutcher and Crosely gave Mr. Small an order which Mr. Small followed. Mr. Small says he then was thrown to the ground where Sgt. Crutcher smashed Mr. Small's head into the ground with his full body weight and Sgt. Crosley used unnecessary force on Mr. Small by twisting and pulling on Mr. Small's hands or the handcuffs with enough force to cause the handcuffs to cut into Mr. Small's wrist. At the time of these events, Mr. Small contends, he was subdued and did not pose a threat to Sgts. Crutcher and Crosley. Mr. Small contends defendant Lt. Roberts failed to protect Mr. Small from this assault. Based on these allegations, Mr. Small asserts a claim for violation of his rights under the Eight and Fourteenth Amendments.

In their motion for summary judgment [#75], the defendants contend that the claims against them must be dismissed to the extent Mr. Small asserts claims for damages against the defendants in their official capacity. Correctly, the magistrate judge recommends that the motion for summary judgment [#75] be granted on the claims for damages against the defendants in their official capacities.

The defendants contend also that the plaintiff has not presented evidence of a physical injury sufficient to support his Eighth Amendment claim. In the

2

recommendation, the magistrate judge reviews the evidence in the record and concludes that, viewing the evidence in the light most favorable to Mr. Small, the record contains sufficient evidence of a physical injury.  The analysis and conclusion of the magistrate judge on this point are well circumstantiated.

Finally, the defendants contend they are entitled to qualified immunity. Government officials are immune from civil liability unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982); **see also Herring v. Keenan**, 218 F.3d 1171, 1175 (10th Cir. 2000), **cert. denied**, 534 U.S. 840 (2001).  To overcome this claim of immunity, a plaintiff must establish both that the defendants violated the rights of the plaintiff under federal law and that such rights were clearly established at the time of the violation.  **Greene v. Barrett**, 174 F.3d 1136, 1142 (10th Cir. 1999).

The magistrate judge concludes, correctly, that, given the current record, the defendants are not entitled to qualified immunity.  Evaluating the evidence in the record in the light most favorable to plaintiff, it is patent that genuine issues of disputed material fact exist as to whether the defendants violated the Eighth Amendment rights of Mr. Small.  In the prison context, the touchstone inquiry in an excessive force claim is whether the force was applied in a good-faith effort to maintain and restore discipline or maliciously and sadistically to cause harm. **See DeSpain v. Uphoff**, 264 F.3d 965, 978 (10th Cir.2001) (quoting **Whitley v. Albers**, 475 U.S. 312, 320 (1986)).  Viewing the evidence in the record in the light most favorable to Mr. Small, the evidence supports a conclusion by a reasonable fact finder that the use of force by the defendants was not necessary to maintain and restore discipline and was applied maliciously and sadistically to cause harm.  Such a use of force is a violation of the Eighth Amendment

rights of a prison inmate.

The defendants contend also that Mr. Small has not shown that the right in question was clearly established at the time of the alleged used of excessive force. Correctly, the magistrate judge concludes that the right of a prison inmate to be protected from cruel and unusual punishment, including the use of excessive force by guards, was clearly established at the time of the alleged incident. *See, e.g., DeSpain*, 264 F.3d at 978; *Northington v. Jackson*, 973 F.2d 1518, 1523 - 1524 (10th Cir. 1992).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#89] filed June 9, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections [#99] of the defendants are overruled;

3. That the **Defendants' Motion for Summary Judgment** [#75] filed February 10, 2014, is **GRANTED** in part;

4. That all claims of the plaintiff in which the plaintiff seeks damages against the defendants in their official capacities are **DISMISSED**; and

5. That otherwise, the **Defendants' Motion for Summary Judgment** [#75] filed February 10, 2014, is **DENIED**.

Dated August 11, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

4