IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00292-REB-MJW

TYRON DUANE SMALL,

Plaintiff(s),

v.

CANDANCE CROSLEY, Sgt.,
KEVIN CRUTCHER, Sgt., and
KYLE ROBERTS, Lt.,

Defendant(s).

---

## RECOMMENDATION ON
## PLAINTIFF'S "SEEKING AN EMERGENCY INJUCTION [sic] MOTION"
(Docket No. 109)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the undersigned pursuant to an Order Referring Case issued by Judge Robert E. Blackburn on March 5, 2013 (Docket No. 9).

Now before the court is the pro se incarcerated plaintiff's "Seeking An Emergency Injuction [sic] Motion" (Docket No. 109). The court has carefully reviewed this motion and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions of law, and recommendation that the motion be denied.

Plaintiff seeks an emergency injunction, namely, a transfer out of the Colorado State Penitentiary, claiming that he is being retaliated against, in fear for his life, and "being bodily harmed intentionally, to scare [him] off, or out of this case." (Docket No. 109 at 2). He claims that he is in a unit with one of the defendants, and he asserts that

the defendants and officers in the same unit have the ability to destroy his mail and write COPDs against him (which will prevent him from progression out of his unit). He also states that he knows that at any time he can be assaulted by staff or that staff can tell inmates to assault him. He fears that if he is forced to stay in the CSP, his life will be taken and his "path and opportunities will be pushed to keep [him] in CSP." He questions how he can prepare for his trial while he is being retaliated against. Plaintiff claims he can present evidence that the legal assistant will not allow him to copy and provide copies to the defendants, so he "will not send what [he has] until [he] get[s] a court order to make copies for these reasons and why." (Docket No. 109 at 1).

Because the plaintiff is proceeding without counsel, the court has construed his pleadings liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court, however, should not be the *pro se* litigant's advocate, nor should the court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing Hall, 935 F.2d at 1110).

"A [TRO] or preliminary injunction is extraordinary relief." Statera, Inc. v. Hendrickson, 2009 WL 2169235, *1 (D. Colo. July 17, 2009). Injunctive relief should be granted only when the moving party clearly and unequivocally demonstrates its necessity. See Schrier v. University of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, the party requesting injunctive relief must establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a

substantial likelihood of success on the merits. Id. "In addition to the foregoing factors, a party seeking a [TRO] also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a [TRO]." Statera, 2009 WL 2169235, *1.

This court also "considers well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. . . . Courts should grant injunctive relief involving the management of prisons . . . only under exceptional and compelling circumstances." Walker v. Meyer, 2009 WL 1965493, *4 (D. Colo. July 8, 2009) (citations omitted).

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). "To constitute irreparable harm, an injury must be certain, great, actual, 'and not theoretical.'" Heideman v. South Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003). The moving party "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." Id. (citation omitted).

Furthermore, the Tenth Circuit has "held that prison officials may not retaliate against or harass an inmate in retaliation for the inmate's exercise of his constitutional rights. . . . 'This principle applies even where the action taken in retaliation would be otherwise permissible.' . . . To prevail, [however,] a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." Baughman v.

Saffle, 24 Fed.Appx. 845, 2001 WL 1241329, *2 (10th Cir. Oct. 17, 2001) (citing Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998); Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990)). "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of [his] constitutional rights." Peterson, 149 F.3d at 1144. "Factual allegations consisting only of engagement in protected activity '[do] not establish the requisite causal connection for [a] retaliation claim. If it did, litigious prisoners could claim retaliation over every perceived slight. . . .'" Strope v. Cummings, 381 Fed. Appx. 878, 883 (10th Cir. 2010). "Obviously, an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." Peterson, 149 F.3d at 1144. Furthermore, temporal proximity between protected activity and a challenged prison action does not, in itself, demonstrate the causal nexus for a retaliation claim. See Friedman v. Kennard, 248 Fed. Appx. 918, 922 (10th Cir. 2007) (citing cases) ("Standing alone and without supporting factual allegations, temporal proximity between an alleged exercise of one's right of access to the courts and some form of jailhouse discipline does not constitute sufficient circumstantial proof of retaliatory motive to state a claim.").

      Here, this court finds that the plaintiff has failed to meet the heavy burden required to obtain injunctive relief. He has made no showing that retaliation is "certain great, actual, and not theoretical." Plaintiff has provided no specific factual allegations, let alone any that reflect the possibility that he is being retaliated against or that his safety is in jeopardy. The possibility of future retaliation is simply too speculative to justify granting plaintiff's request for injunctive relief. See Sims v. New, 2008 WL 5044554, *2 (D. Colo. Sept. 2, 2008) (inmate's speculation that he *may* suffer acts of

retaliation, including a transfer, without more, does not establish irreparable harm for purposes of imposing injunctive relief). "[A] plaintiff satisfies the irreparable harm requirement by demonstrating 'a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages. . . . **Purely speculative harm will not suffice** . . . ." RoDa Drilling Co v. Siegal, 552 F.3d 1203, 1210 (10th Cir. 2009) (emphasis added). See Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1258 (10th Cir. 2003) (agreeing with the proposition that "purely speculative harm does not amount to irreparable injury" and holding "that a plaintiff who can show a significant risk of irreparable harm has demonstrated that the harm is not speculative"); Maximus, Inc. v. Thompson, 78 F.Supp.2d 1182, 1189 (D. Kan. 1999) ("Speculation or unsubstantiated fears of what may happen in the future cannot provide the basis for a preliminary injunction.").

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that plaintiff's "Seeking An Emergency Injuction [sic] Motion" (Docket No. 109) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

6

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: August 21, 2014  
      Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge